**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000827
08-MAY-2026
08:02 AM
Dkt. 58 SO**

NO. CAAP-24-0000827

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

HEATHER BATES, Petitioner-Appellant,
v.
ADMINISTRATIVE DIRECTOR OF THE COURTS, Respondent-Appellee

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DAA-24-00005)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Wadsworth and McCullen, JJ.)

In this secondary appeal, Petitioner-Appellant Heather Bates (**Bates**) challenges the district court's order affirming the two-year revocation of her driver's license by the Administrative Driver's License Revocation Office (**ADLRO**). We affirm.

Bates appeals from the District Court of the First Circuit's (**District Court**)[1] November 27, 2024 "Decision and Order Sustaining Administrative Revocation" (**Revocation Order**).[2] Bates

___

[1] The Honorable David M. Hayakawa presided.

[2] Bates does not identify or attach the District Court's December 2, 2024 "Judgment on Appeal" (**Judgment**). We construe Bates's appeal to also

filed her Petition for Judicial Review of the ADLRO decision (**Petition**) on April 9, 2024.

Bates's Petition before the District Court argued, inter alia, that the roadblock violated Bates's constitutional privacy rights under State v. Heapy, 113 Hawaiʻi 283, 151 P.3d 764 (2007)[3] by failing to provide a legal means to avoid the roadblock, and that the Honolulu Police Department (**HPD**) provided insufficient advance notice of the roadblock such that legally avoiding it was impossible. Bates also argued that the ADLRO "erred when [it] considered [Standardized Field Sobriety Tests (**SFSTs**)] as proof of impairment by marijuana" because SFSTs are "irrelevant" to "an analysis of impairment by marijuana" for a "probable cause determination."

On appeal, Bates raises two points of error (**POEs**),[4] contending that the District Court erred by **(1)** "rul[ing] that the police do not have an affirmative duty to provide a legal way to avoid a police DUI roadblock" and **(2)** finding that "probable cause existed to arrest Bates for any manner of OVUII and that there was a preponderance of evidence to believe that Bates was OVUII by reason of marijuana consumption."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve the contentions as follows.

---

appeal from the Judgment. See State v. Graybeard, 93 Hawaiʻi 513, 516, 6 P.3d 385, 388 (App. 2000) (construing appellant's notice of appeal to appeal from judgment not attached to the notice of appeal).

[3] Heapy is summarized infra.

[4] Bates's POEs omit required record references for where the alleged errors were brought to the District Court's attention. See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4)(iii).

**(1)** Bates argues that because the Heapy defendant was "afforded a way to avoid the roadblock[,]" the Heapy court "thus sent the clear message that roadblocks, in order to be constitutional, in Hawaii, must afford a driver a legal way to avoid contact with the police[.]"

Bates's Heapy interpretation is incorrect. In Heapy, a defendant driver "made a legal right turn" onto a road; "the turn was not made erratically, and [the driver's] headlights were on." Id. at 292, 151 P.3d at 773. A police officer followed the driver but "did not observe Defendant driving suspiciously or in an erratic manner" before the police officer effected an investigatory stop. Id. The Hawaiʻi Supreme Court held that the driver's legal attempt to avoid a roadblock does not in itself provide reasonable suspicion for police officers to carry out an investigatory stop. Id. at 285, 151 P.3d at 766. Heapy contains no discussion supporting the proposition that police officers must affirmatively provide a lawful means for motorists to avoid a roadblock. See id.; see also Akiona v. Admin. Dir. of Cts., CAAP-23-0000546, 2025 WL 3124682, at *1 (Haw. App. Nov. 7, 2025) (SDO) (holding that "police do not have an affirmative duty to provide a legal way to avoid a DUI roadblock").

Here, unlike the investigatory stop in Heapy, Bates drove directly into the roadblock and her vehicle was lawfully stopped by HPD officers according to a predetermined sequence. The police officers had no affirmative duty to provide Bates with a legal means of avoiding the roadblock.

Accordingly, the District Court correctly ruled that under Heapy, "[p]olice are not required to provide a motorist with a legal method of avoiding a roadblock." See McGrail v.

3

Admin. Dir. Of Cts., 130 Hawaiʻi 74, 78, 305 P.3d 490, 494 (App. 2013) (reviewing administrative revocations of a driver's license "to determine if the District Court was right or wrong in its decision" (citation omitted)).

(2) Bates argues that the HPD lacked probable cause for her arrest because Bates "exhibited no 'bad' driving" and SFST results are "not only irrelevant to marijuana impairment but also dangerous because of the number of false positives." Bates relies on Commonwealth v. Gerhardt, 477 Mass. 775, 81 N.E.3d 751 (2017), which noted "ongoing disagreement among scientists" regarding whether SFSTs "are indicative of marijuana impairment" and opined that SFST performance, alone, "is not sufficient to support a finding that a defendant's ability to drive safely was impaired due to the consumption of marijuana[.]" Id. at 781, 785, 81 N.E.3d at 757, 760. Bates also argues that HPD officers' observations that Bates "smell[ed] of marijuana" and had "red and or watery" eyes are "not indicative of impairment[.]" These arguments lack merit.

Probable cause "is established by a state of facts as would lead a person of ordinary caution or prudence to believe and conscientiously entertain a strong suspicion of the guilt of the accused." State v. Russo, 141 Hawaiʻi 181, 194, 407 P.3d 137, 150 (2017) (citation and quotation marks omitted). Probable cause "is generally based upon a combination of factors, which together form a sort of mosaic, of which any one piece by itself often might not be enough to constitute probable cause, but which, when viewed as a whole, does constitute probable cause." State v. Ferrer, 95 Hawaiʻi 409, 430-31, 23 P.3d 744, 765-66 (App. 2001) (citation omitted).

Here, the record reflects that Bates's SFST performance provided a relevant piece of the probable cause mosaic. The police officers noted coordination and balance issues during Bates's SFST, observing that she repeatedly stepped off the line during the walk and turn test and swayed and used her arms for balance during the one leg stand test. These observations, combined with Bates's admission that she had smoked marijuana four hours earlier and police officers' observations that Bates had red and glassy eyes, smelled of burnt marijuana, and displayed bodily tremors, would lead an ordinary person to believe that Bates was OVUII due to marijuana consumption. See Thedford v. Admin. Dir. of Cts., No. CAAP-23-0000079, 2025 WL 1993426, at *2-3 (Haw. App. July 17, 2025) (SDO) (concluding that there was probable cause for the OVUII arrest where the driver had "red, watery, and bloodshot" eyes, smelled of burnt marijuana, "could not keep his balance during the instructional stage of the SFST," and exhibited "swaying" and sustained balance issues during several stages of the SFST, because the driver's SFST performance provided "relevant and probative evidence" of the driver's "balance, coordination, mental acuity, and other skills required to safely operate a vehicle").

Accordingly, the District Court correctly concluded that there was probable cause to arrest Bates for OVUII and that there was a preponderance of the evidence that Bates was OVUII due to marijuana. See Russo, 141 Hawaiʻi at 188, 407 P.3d at 144 (reviewing probable cause determinations under a de novo standard on appeal); McGrail, 130 Hawaiʻi at 78, 305 P.3d at 494.

For the foregoing reasons, we affirm the District Court's November 27, 2024 Revocation Order and the December 2, 2024 Judgment.

DATED: Honolulu, Hawaiʻi, May 8, 2026.

On the briefs:

Kevin O'Grady,
for Petitioner-Appellant.

Alyssa-Marie Y. Kau,
Deputy Attorney General
for Respondent-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge